460 F.Supp.2d 1380 (2006)
In re INPHONIC, INC., WIRELESS PHONE REBATE LITIGATION.
Edwin Davis
v.
InPhonic, Inc., D. District of Columbia, C.A. No. 1:06-528
Hongyi Yu, et al.
v.
Inphonic, Inc., C.A. No. 1:06-951
Ryan Sutherland
v.
Inphonic, Inc., et al., C.A. No. 1:06-3281
Paul Rock, et al.
v.
Inphonic, Inc., D. New Jersey, C.A. No. 2:06-2156
No. 1792.
Judicial Panel on Multidistrict Litigation.
October 25, 2006.
Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

TRANSFER ORDER
WM. TERRELL HODGES, Chairman.
This litigation currently consists of two actions pending in the District of District of Columbia and an action each in the Northern District of Illinois and the District of New Jersey.[1] Defendant InPhonic, *1381 Inc. (InPhonic) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of District of Columbia. No party opposes centralization. InPhonic's motion is supported by defendant Continental Promotion Group, Inc. (CPG) and plaintiffs in the two actions in the District of District of Columbia and the action in the District of New Jersey. Plaintiffs in the Northern District of Illinois action and the five potential tag-along actions pending in the District of Arizona support transfer to the District of Arizona.
On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions are putative class actions that share factual questions concerning whether InPhonic failed to adequately disclose the terms of its rebates associated with the purchase of wireless telephones and/or wireless service plans, failed to honor valid rebate claims filed by customers, and unreasonably delayed the processing of rebate claims. Plaintiffs allege various state common law claims such as fraud, negligent misrepresentation, unjust enrichment, conversion, and breach of contract, as well as violations of state consumer protection statutes. Plaintiffs in some actions also allege that InPhonic and CPG's conduct violated the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. Centralization under section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.
We are of the view that the District of District of Columbia is an appropriate transferee forum for this docket. This district is where many relevant documents and witnesses are likely to be found, inasmuch as InPhonic's headquarters and related offices are located in the Washington, D.C., metropolitan area. Further, since the District of Columbia is the situs of related court proceedings (an action brought by the Attorney General of the District of Columbia), centralization in the District of District of Columbia carries the added benefit of fostering coordinated discovery between the federal and local proceedings, should such a need arise.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Ellen Segal Huvelle for coordinated or consolidated pretrial proceedings with the actions already pending in that district.
NOTES
[1] The Panel has been notified of additional related actions pending as follows: five actions in the District of Arizona, three actions in the District of District of Columbia, and an action each in the Central District of California and the Southern District of Mississippi. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).